64 F.3d 663
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wally S. MAHAR; Eddie Stallworth, Plaintiffs-Appellants,
v.
CITY OF LIVONIA, a Michigan Municipal Corporation; Livonia
Inspection Department; Livonia Ordinance Enforcement
Department; Harold A. Pryor, an Ordinance Enforcement
Officer; William J. MacDonald, Supervisor for Ordinance
Enforcement; Unknown Neighbors, of Plaintiff Mahar;
Sixteenth District Court, for the City of Livonia; George A.
Weible, City of Livonia Prosecutor; Sixteenth District Court
Probation Department; George R. Wilands, Chief of Probation;
James F. Burke, Director of Probation, Defendants-Appellees,
Thomas L. Collins; Rudolph A. Serra, Attorney at Law; State
Farm Insurance Company; Howard Anderson, a State
Farm Insurance Agent, Jointly and
Severally, Defendants.
 No. 93-2458.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1995.
 
 Before: LIVELY, MARTIN and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Wally S. Mahar and Eddie Stallworth appeal pro se the judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 The complaint in this case alleged that the city of Livonia, Michigan, its departments and employees, neighbors of Mahar and their attorney, a state court, a prosecutor, the probation department and its employees had conspired to harass Mahar because he associated with black people, including Stallworth. The plaintiffs alleged that their rights of association, equal protection, privacy and travel had been violated. The complaint also alleged that the defendant insurance company and its agent had refused to issue a policy of automobile insurance to Stallworth on the basis of his race.
 
 
 3
 The district court entered an order to show cause why the claim against the latter two defendants should not be dismissed for misjoinder of claims and parties. Plaintiffs failed to respond, and the claim against these defendants was dismissed. Defendant Collins, Mahar's neighbor, and defendant Serra, the neighbor's attorney, moved for summary judgment on the basis that the claim against them was precluded due to a number of previous state court actions arising out of the same facts. The district court granted this motion. The remainder of the defendants also moved for summary judgment on various grounds, including immunity from suit and failure to state a claim of malicious prosecution. See Coogan v. City of Wixom, 820 F.2d 170, 172 (6th Cir. 1987). The district court also granted this motion.
 
 
 4
 Upon review, we affirm the judgment for defendants for the reasons stated by the district court. Rule 9(b)(3), Rules of the Sixth Circuit.